Filed 11/26/25  P. v. Vivero CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROGELIO VIVERO,<br><br>    Defendant and Appellant. | F089212<br><br>(Super. Ct. No. 1466006)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Stanislaus County.  Kellee C. Westbrook, Judge.

Rogelio Vivero, in pro. per.; and Vicki Hightower, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Peña, J. and Snauffer, J.

Rogelio Vivero appeals the summary denial of his petition for resentencing under Penal Code section 1172.6.[1] His court-appointed counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth the facts of the case, advising he found no viable issues, and asking this court to conduct an independent review. Vivero was given an opportunity to file a supplemental brief and requested we address several issues. Exercising our discretion under *Delgadillo*, we have examined the record and find no arguable issues. We therefore affirm.

## FACTS

In June 2016, an amended information charged Vivero with murder (§ 187, subd. (a); count I) and attempted robbery in the first degree (§§ 664, 212.5; count II) and alleged the special circumstance that the murder was committed in the course of an attempted robbery (§ 190.2, subd. (a)(17)). The amended information further alleged as to both counts that Vivero personally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)) and had two prior serious or violent felony convictions (§ 667, subd. (d)) that were also prior serious felony convictions within the meaning of section 667, subdivision (a).

On November 12, 2019, Vivero pleaded no contest to first degree murder and admitted one prior serious felony conviction enhancement, resulting in a recommended sentence of 30 years to life as part of an agreement with the prosecutor. Vivero's attorney stipulated that the preliminary hearing transcript provided the factual basis for the plea and that, at a prior court hearing, Vivero had admitted that he killed the victim. Vivero accepted the stipulation to the factual basis with the addition of his admission. The trial court sentenced Vivero to a total term of 30 years to life.

---

[1]     Undesignated statutory references are to the Penal Code.

2.

In 2023, Vivero filed a petition for resentencing pursuant to former section 1170.95 (now § 1172.6),[2] asserting he had been convicted of murder after accepting a plea offer in lieu of a trial at which he could have been convicted of murder and could not presently be convicted of murder under sections 188 and 189, which were amended in 2019 to limit the scope of the traditional felony-murder rule and eliminate the natural and probable consequences theory of murder. After appointing counsel and reviewing the petition, the trial court found Vivero was ineligible for relief because he resolved his case after the changes to sections 188 and 189 were in effect and denied his petition.

Vivero filed a timely notice of appeal on January 16, 2025. Appellate counsel filed a brief advising he found no arguable issues and asked us to follow the procedures set forth in *Delgadillo, supra*, 14 Cal.5th 216.

## DISCUSSION

Effective January 1, 2019, the Legislature amended the Penal Code to limit the scope of the felony-murder rule and eliminate natural and probable consequences liability for murder as it applies to aiding and abetting. (§§ 188, subd. (a)(3), 189, subd. (e), as amended by Stats. 2018, ch. 1015, §§ 2–3.) Individuals convicted under the former laws on murder may seek resentencing or to have their convictions vacated if their conduct did not constitute murder as redefined under current law. (§ 1172.6, subd. (a).)

In this case, the trial court denied Vivero's resentencing petition. After reviewing the record, we agree that Vivero failed to establish a prima facie case for resentencing because he pleaded no contest in November 2019, after the relevant changes in the law, and because he was not convicted under a theory of felony murder, natural and probable consequences, or any other implied malice theory. (See *People v. Lezama* (2024)

---

[2] Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) For clarity, we refer simply to section 1172.6.

101 Cal.App.5th 583, 590 [defendant who pleaded guilty after imputed malice theories had been statutorily eliminated not eligible for resentencing]; *People v. Reyes* (2023) 97 Cal.App.5th 292, 298 [defendant who was charged in 2020 and convicted after Penal Code amendments took effect was ineligible for § 1172.6 resentencing].)

Through counsel, Vivero asked that we address the following questions: (1) Given Vivero's mental health issues, were his admissions to law enforcement freely and voluntarily made? (2) Given Vivero's mental health issues, was his admission in open court to shooting the victim freely and voluntarily made? (3) Can Vivero had been the actual shooter if no gunshot residue was found on his hands but was found on the hands of his codefendant? Vivero also addressed a letter to us and asked that we explain how he could be the shooter if no gunshot residue was found on his hands.

We conclude Vivero's claims are not cognizable in this appeal, and we lack jurisdiction to review them. Section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error" (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438), " 'does not create a right to a second appeal,' " and cannot be used " 'to resurrect a claim that should have been raised in his … direct appeal' " (*People v. Flores* (2023) 96 Cal.App.5th 1164, 1173).

Section 1172.6 confers limited, specified jurisdiction on a trial court. (See *People v. Lara* (2010) 48 Cal.4th 216, 224 [" 'a court may have jurisdiction in the strict sense but nevertheless lack " 'jurisdiction' (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites.' ' "]; accord, *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288.) The limited jurisdiction afforded by section 1172.6 does not provide the trial court broad jurisdiction to correct alleged errors in the original judgment on alternative grounds. (See *People v. Strong* (2022) 13 Cal.5th 698, 713 [nothing in findings accompanying enactment of Senate Bill No. 1437 (2017–2018 Reg. Sess.) evince a concern "with correcting errors in past factfinding"]; *People v. Coley* (2022)

77 Cal.App.5th 539, 549 [section 1172.6 "is not a means by which a defendant can relitigate issues already decided"]; *People v. DeHuff, supra*, 63 Cal.App.5th at p. 438 ["Under section [1172.6], [a defendant] is entitled to resentencing only if he is able to make prima facie showing that he 'could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' "]; *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["[t]he mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error"].) Thus, there is no jurisdictional basis provided in section 1172.6 for the trial court to review the errors Vivero alleges in this appeal. Therefore, we also lack jurisdiction to hear these claims, which are " 'wholly unrelated' " to the subject of this appeal—his section 1172.6 petition. (*People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1123.)

Further, in exercising our discretion under *Delgadillo* to review the entire record in this case, we have found no arguable appellate issues.

## DISPOSITION

The postjudgment order denying Vivero's petition for resentencing is affirmed.

5.